IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 25-cv-00823<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Jeffrey Cole** |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE [45], OR IN THE ALTERNATIVE, COMPEL DEFENDANT TO OBTAIN U.S. COUNSEL**

Plaintiff Dyson Technology Limited ("Plaintiff") hereby moves this Honorable Court to strike Defendant Weearn's (Defendant No. 42) ("Defendant") Response in Opposition to Plaintiff's Motion for Preliminary Injunction [45] (the "Response"), or in the alternative, to compel Defendant to obtain U.S. counsel.

The Response [45] was impermissibly filed *pro se* by "Weearn." [45] at p. 6.[1] The Response [45] was not filed by an individual representative of the business, but was instead signed by the entity "Weearn" itself. Moreover, Defendant's online marketplace, hosted by Walmart Inc.,

---

[1] In its Response [45], Defendant shared statements made during settlement negotiations, in violation of Fed. R. Evid. 408, to both argue the scope of its damages exposure and to allege that Plaintiff is acting in a fraudulent manner. [45] at pp. 2-3; *see Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 691 (7th Cir. 1985) ("[Fed. R. Evid. 408] provides that statements made in settlement negotiations are not admissible to establish a party's liability, or damages, in the dispute that was the subject of the negotiation."). On March 19, 2025, Plaintiff served discovery requests on Defendant directed at Defendant's sales data. Defendant's deadline to respond to Plaintiff's discovery requests was March 24, 2025. *See* [22] at ¶ 6. To date, Defendant has not formally responded to any of Plaintiff's discovery requests. As such, Defendant had not produced any of the alleged sales data that was attached to the Response [45] while settlement negotiations were active. Settlement negotiations ceased when Defendant's counsel notified Plaintiff that they had terminated their representation on April 22, 2025.

shows that Defendant is a registered business with a "business name" that is not Weearn and displays additional business information. *See* Figure 1.



*Figure 1*

Defendant further argues that "Weearn's business" is being disrupted by the preliminary injunction. [45] at p. 2.

Based on the above, Defendant is a business entity. Therefore, it is "not permitted to litigate in a federal court unless [it is] represented by a lawyer licensed to practice in that court." *United States v. Hagerman,* 545 F.3d 579, 581 (7th Cir. 2008) (citations omitted). Even if the individual who filed the Response [45] revealed their identity as a representative of Weearn, Defendant still needs to be represented by counsel licensed to practice before this Court. *United States v. Certain Real Property,* 381 F. Supp. 3d 1007, 1009 (E.D. Wisc. 2018) (granting motion to strike claim filed by an authorized representative of a corporation because it is not a proper pleading filed by an attorney of record for a party"); *CamelBak Products, LLC v. The P'ships, et al*., 20-cv-01542 (N.D. Ill. Aug. 31, 2020) (Docket No. 35) (striking motion filed by a person that had "not entered

an appearance and is neither a member of the general bar of this court nor has sought admittance pro hac vice, as required by Local Rule 83.12"). Accordingly, Plaintiff respectfully requests that this Court strike Defendant's Response [45] or in the alternative, compel Defendant to obtain U.S. counsel, because this entity is not properly represented by an attorney of record. Permitting an organized business entity to proceed as a *pro se* defendant without the assistance of counsel burdens the Court and would prejudice Plaintiff.

For the above reasons, Plaintiff respectfully requests that this Court strike Defendant's Response [45], or in the alternative, compel Defendant to obtain U.S. counsel.

Dated this 30th day of April 2025.

Respectfully submitted,

/s/ Justin T. Joseph
Lawrence J. Crain
Justin R. Gaudio
Justin T. Joseph
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
lcrain@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Dyson Technology Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail address provided by Defendant in the Response [45] and identified below:

Email: 513508417@qq.com

/s/ Justin T. Joseph
Lawrence J. Crain
Justin R. Gaudio
Justin T. Joseph
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
lcrain@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Dyson Technology Limited*